IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | ORDER |
| Plaintiff, | |
| | 04-cr-23-bbc |
| v. | |
| NEAL KENNETH ALLEN, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This criminal case was remanded to this court by the Court of Appeals for the Seventh Circuit, for re-determination of the restitution amount owed by defendant. A hearing was held on the matter on June 18, 2009. The government appeared by Peter Jarosz, Assistant United States Attorney. Defendant was present in person with counsel David Karpe.

After hearing evidence from both parties, I found that the air testing that defendant persuaded the Lac Du Flambeau tribe to purchase, and subsequently carried out under a contract signed by the tribe, was of no value to the tribe. The government's witness, Daniel Feldt, testified persuasively that air testing of indoor mold samples is not a responsible way to determine the presence of mold within a building. Only 60 of the 400 residences on the reservation had reported mold problems, yet defendant tested all 400. A responsible

1

professional would have made visual inspections to determine the cause of the moisture contributing to the growth and cleaned the area or, if the growth was excessive, removed the boards or objects containing the mold. Defendant's expert was far less persuasive in testifying about the benefits of air testing. Even he did not say that air testing 400 homes as a first step was a responsible way of analyzing an allegedly widespread problem. However, I agree with the government's recommendation that defendant be credited $30,000 for the work that he did to confirm that many of the private residences on the Lac Du Flambeau reservation had moisture and mold growth problems. This work was worth that amount. The air testing was not worth anything, let alone the $294,196 that defendant charged the tribe.

To find a fair restitution amount, I started with the $294,196 paid to defendant and deduct from it $30,000 for defendant's effective investigation of mold problems; $7,854 because the government has agreed that the tribe would have had to pay some amount of money to house defendant and his associates had they been done nothing more than determine which residences had moisture and mold growth problems; $15,480 for the value of the remediation training that defendant and his associates provided; and $2,500 for the value of the microscope defendant forfeited to the tribe towards payment of restitution. Defendant owes the tribe $238,362. He is not entitled to credit from the tribe for any payments he makes to Aerotech (to which he owes $71,345 for analyzing defendant's air tests). Part of the $294,196 that the tribe paid defendant was for the Aerotech bill. Had

2

the Aerotech results been of any value to the tribe, it would not be entitled to restitution of $49,000. Because they were worthless, defendant is not entitled to any credit.

ORDER

IT IS ORDERED that, giving defendant Neal Kenneth Allen credit for the value of the mold checks he and his company performed, food and lodging for him and his employees and the remediation training he provided, as well as the value of the microscope, his amended restitution obligation is $238,362.

Entered this 22nd day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge