IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                       ORDER

              Plaintiff,

                                                    04-cr-23-bbc

    v.

NEAL KENNETH ALLEN,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Neal Kenneth Allen devised a scheme to provide scientific and technical services for remediation of toxic mold in homes located on the reservation owned by the Lac du Flambeau Band of Lake Superior Chippewa Indians, misrepresenting his credentials and his ability to perform the work he promised to undertake. He collected approximately $292,000 in cash from the tribe, of which at least $71,000 was to be paid to a third party, Aerotech Laboratories, for performing laboratory tests of mold samples he collected from reservation homes. He did not perform the work promised. In early 2004, the government charged him with six counts of mail fraud. He was arrested in late 2005 and brought back to Wisconsin for trial. He entered a plea of guilty to the mail fraud charges in 2006 and was sentenced on October 5, 2006 to a term of 26 years and ordered to pay restitution in the

1

amount of $363,038.47, of which $71,345.00 was to go to Aerotech Laboratories to pay for work it had performed at defendant's direction.

At defendant's sentencing, I concluded that it was not possible to determine whether any of the work that defendant did for the tribe was useful, concluding that it would not have been because defendant was not the licensed professional he held himself out to be. On appeal, the court of appeals affirmed defendant's sentence but held that a hearing on restitution was necessary so that this court could determine whether any work done by defendant was of sufficient value to be credited against defendant's restitution obligation.

At a resentencing hearing held on June 18, 2009, I heard testimony from expert witnesses and recalculated the restitution that defendant was required to repay the tribe for work he had promised to do for the tribe in 2002. (The hearing was limited to determining what amount if any should be subtracted from the restitution amount owed to the tribe for work that was useful to it. The amount owed to Aerotech was not at issue.) From the evidence presented, I concluded that defendant owed the tribe restitution in the amount of $238,362.00 and I entered a written order to that effect. Dkt. #67. Subsequently, I signed a new judgment and commitment order but neglected to confirm that it was an accurate reflection of the fact of the new hearing, the conclusions reached at the hearing and the proper amount of restitution owed to the tribe. Dkt. #69, at 5. In fact, the new judgment simply repeated the wording of the 2006 order to the effect that a hearing to determine the

2

actual value of the services that defendant had provided would place an undue burden on the court. It showed the newly determined amount of $238,362.00, but erroneously subtracted from that amount the $71,345.00 that defendant owed to Aerotech Laboratories.

The government has now moved for a correction of the judgment and commitment order, arguing that the correction would amount to no more than the correction of a clerical error. It may be right on that point, but another problem looms. In United States v. McHugh, 528 F.3d 538, 540 (7th Cir. 2008), the court of appeals held that it is improper for a district court to amend an order that concerns the very issue under appellate review. In this instance, the government has said that defendant is challenging the amount of the restitution he must pay; the amount is the "very issue" the government wants corrected.

On appeal, the court of appeals will have before it the June 23, 2009 amended judgment and commitment, the order entered after the hearing on restitution and a transcript of the resentencing hearing. The court can decide from these documents what the correct amount of restitution was intended to be.

ORDER

IT IS ORDERED that the government's motion to correct a clerical error in

defendant Neal Kenneth Allen's amended judgment and commitment order is DENIED.

Entered this 20th day of April, 2010.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge

4